**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MICHAEL BROTHERS, JAMIEL BROWN, and JAMIE KING COLTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAD AT S.A.D., LLC d/b/a KOMBUCHA 221 B.C.,<br><br>Defendant. | Civil Action No.: 0:21-cv-60542<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Michael Brothers, Jamiel Brown, and Jamie King Colton (collectively, "Plaintiffs") bring this action on behalf of themselves and all others similarly situated against MAD at S.A.D., LLC d/b/a Kombucha 221 B.C. ("BC Kombucha" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1. Defendant has passed off several of its kombucha[1] beverages as non-alcoholic, when, in fact, the beverages contain more than twice the alcohol allowed for non-alcoholic

---

[1] BC Kombucha refers to the following flavors of Defendant BC Kombucha's kombucha beverages sold nationwide, as described herein, including, but not limited to, Acai Beet, Grapefruit Bee Pollen, Hibiscus Berry, Ginger, Moringa Lavender, Orange Turmeric, Jun Honey Matcha, and Lemon Chlorophyll. Representative labels of BC Kombucha beverages are attached to this Complaint as Exhibit 1. The various flavors of BC Kombucha beverages are substantially identical other than their flavor profile, as each flavor is above the 0.5 percent alcohol by volume threshold and, upon information and belief, understates the amount of sugar in the beverages. None of the flavors have the requisite government warning required for alcoholic beverages.

1

beverages. The alcoholic beverages are sold to unsuspecting children, pregnant women, persons suffering with alcohol dependence issues, and a host of other people for whom alcoholic consumption may pose a grave and immediate safety risk.

2. Plaintiffs purchased numerous bottles of BC Kombucha based on Defendant's misleading and false advertising and labeling of its products.

3. Plaintiffs seek relief in this action on behalf of themselves and on behalf of purchasers of BC Kombucha beverages, for Defendant's violations of state consumer fraud acts, breach of express warranties, negligent misrepresentation, fraud, and unjust enrichment.

## PARTIES

4. Plaintiff Michael Brothers is a citizen of Florida, residing in Coral Springs. Within the past two years, Mr. Brothers purchased BC Kombucha beverages with the belief and on the basis that the products were non-alcoholic. The labels of BC Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Mr. Brothers did not have to show any identification of his age to purchase the BC Kombucha products. The BC Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Publix at which he made his purchase. Mr. Brothers purchased the BC Kombucha beverages for himself and his employees to drink at work. However, shortly after consuming the BC Kombucha beverage, Mr. Brothers and his staff felt the effects of alcohol. Mr. Brothers would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages. Should Mr. Brothers encounter any BC Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent

corrective advertising. Further, should Mr. Brothers encounter any BC Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the product contains only "trace amounts of alcohol." However, Mr. Brothers would still be willing to purchase the current formulations of BC Kombucha beverages so long as Defendant engages in corrective advertising.

5.      Plaintiff Jamiel Brown is a citizen of Florida, residing in Miramar. Within the past two years, Mr. Brown purchased BC Kombucha beverages multiple times per month. Mr. Brown purchased the BC Kombucha beverages with the belief and on the basis that the products were non-alcoholic. The labels of BC Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Mr. Brown did not have to show any identification of his age to purchase the BC Kombucha products. The BC Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Publix and BJ's Wholesale at which he made his purchases. Mr. Brown would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages. Should Mr. Brown encounter any BC Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Mr. Brown encounter any BC Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the product contains only "trace amounts of alcohol." However, Mr. Brown would still be willing to purchase the current formulations of BC Kombucha beverages so long as Defendant engages in corrective advertising.

6.      Plaintiff Jamie King Colton is a citizen of Florida, residing in Coconut Creek. Within the past two years, Mr. King Colton purchased multiple bottles of BC Kombucha beverages.  Mr. King Colton purchased the BC Kombucha beverages with the belief and on the basis that the products were non-alcoholic.  The labels of BC Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content.  Mr. King Colton did not have to show any identification of his age to purchase the BC Kombucha products. The BC Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Whole Foods at which he made his purchases.  Mr. King Colton would not have purchased the products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages.  Should Mr. King Colton encounter any BC Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent corrective advertising.  Further, should Mr. King Colton encounter any BC Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the product contains only "trace amounts of alcohol."  However, Mr. King Colton would still be willing to purchase the current formulations of BC Kombucha beverages so long as Defendant engages in corrective advertising.

7.      Defendant MAD at S.A.D., LLC d/b/a Kombucha 221 B.C., is a Florida limited liability company located in Sarasota, Florida.  BC Kombucha manufactures, advertises, sells, distributes, and markets BC Kombucha beverages as alleged herein nationwide.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and at least one member of the proposed nationwide class is a citizen of a state different from the state of Defendant. Defendant has sold hundreds and thousands, if not millions, of bottles of BC Kombucha beverages.

9. This Court has general jurisdiction over Defendant because it has its principal place of business in Florida and Defendant conducts substantial business within Florida, such that Defendant has significant, continuous, and pervasive contacts with the State of Florida.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiffs Brothers, Brown, and King Colton reside and suffered the alleged harm in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. The name "kombucha" comes from the common name for what is essentially a fermented tea drink. Kombucha, including BC Kombucha, is made of tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for symbiotic colony of bacteria and yeast) floats on top. The scoby then "eats" the sugar, acids, and caffeine in the tea, creating a cocktail of live microorganisms. Basic chemistry explains that the scoby convers the sugar into carbon dioxide and alcohol.

12. BC Kombucha launched in 2017, now selling in retail stores nationwide. However, BC Kombucha's rise is built on a poorly kept industry secret—kombucha made the "real way," without pasteurization, predictably becomes highly alcoholic. While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the

beverage converts sugars into alcohol. Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume (and even higher), roughly the same alcohol content as regular beer. BC Kombucha is no different—it contains nearly twice the limit of permitted alcohol by volume content.

13. In 2010, major retailers throughout the country were forced to immediately stop selling kombucha beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly 5 times the legal limit for non-alcoholic beverages. The discoveries sparked Federal Drug Administration ("FDA") and Alcohol and Tobacco Tax and Trade Bureau ("TTB") investigations concerning the alcohol content of various kombucha products.

14. Several other manufacturers of kombucha beverages, such as Honest Tea, owned and operated by the Coca-Cola Company, were unable to reformulate their kombucha beverages to ensure that the products never crossed the 0.5 alcohol by volume threshold at retail or consumption. "Despite reformulating its kombucha drinks in August 2010, Honest Tea found that the level of alcohol in Honest Kombucha—when left at room temperature—increased beyond 0.5 percent. Citing the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line in December 2010."[2]

15. Since that time, seeking to capitalize on the consumer craze and desire surrounding kombucha beverages, kombucha manufacturers have found many creative ways to ensure that their kombucha beverages did not cross the 0.5 percent alcohol by volume standard, such as through pasteurization. Others have chosen to continue making "raw" and unpasteurized kombucha but

---

[2] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*, BevNet.com, Nov. 8, 2011. Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-honest-tea (last accessed February 24, 2021).

included the federally mandated warning for alcoholic beverages. Defendant has apparently chosen a third path. Continue brewing raw, unpasteurized kombucha without disclosing that the kombucha is an alcoholic beverage.

16.     Indeed, Defendant's false and misleading advertising of BC Kombucha is not limited to omitting critical information regarding the amount of alcohol on the beverages' labels. On the back of the labels of BC Kombucha beverages, the label falsely claims that BC Kombucha "may contain a trace amount of alcohol."

17.     Plaintiffs sent Defendant demand letters on September 29, 2020[3] and January 21, 2021[4] outlining the summary of the allegations herein.

18.     In response to Plaintiffs demand letters BC Kombucha has altered the labeling of its kombucha beverages by amending the disclaimer provided under its ingredient list. BC Kombucha's amended disclaimer now reads: "Be aware: Kombucha is a traditionally fermented tea that has naturally occurring alcohol. Do not consume if you are avoiding alcohol. If you are pregnant or breastfeeding, please consult with your doctor. Kombucha shouldn't be consumed if left unrefrigerated for extended period of time."

19.     However, this amended disclaimer is still woefully inadequate, as it does not contain the mandated Surgeon General warning, is not prominently featured on the product, and is still sold to consumers under 21 years old. As a result, reasonable customers are still being misled by Defendant's false and misleading advertising concerning the alcohol content of its kombucha beverages. BC Kombucha remains on shelves nationwide, and Defendant does not appear inclined to issue any corrective advertising or compensate injured consumers.

---

[3] Attached as Exhibit 2.
[4] Attached as Exhibit 3.

**TTB Accredited Lab Results Show That BC Kombucha Has Greater Than 0.5 Percent Alcohol By Volume**

20.     Within the past year, Brewing & Distilling Analytical Services, LLC ("BDAS"), an independent, TTB certified laboratory, conducted tests on multiple bottles of BC Kombucha beverages concerning the beverages' alcohol content. To test for alcohol content, BDAS utilizes scientifically valid, TTB approved methodology for testing kombucha beverages. The testing showed that BC Kombucha beverages contained a level of alcohol greater than 0.5 percent. None of the products passed their stated expiration date at the time of testing.

**Every BC Kombucha Bottle Violates A Host Of Federal and State Law Regulating The Labeling of Alcoholic Beverages**

21.     Prior to a recent update, the TTB's website stated that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent alcohol by volume. These products are alcoholic beverages and are consequently subject to regulation."[5] The TTB further stated that its "primary concern is to ensure that consumers are not misled about the nature of alcoholic beverage products that might be marketed as non-alcoholic beverages. It is important that consumers are adequately informed about the nature of these products." *Id.*

22.     The TTB's current website shows that the concern over alcohol in kombucha beverages persists. "Some kombucha products contain more than 0.5% or more alcohol by volume. These products are alcoholic beverages…It is important to note that regardless of the alcohol content of the finished beverage, when kombucha reaches 0.5% alcohol or more by volume at any time during the production process, it must be produced on a TTB-qualified premises and

---

[5] https://web.archive.org/web/20150818084444/http://www.ttb.gov/faqs/kombucha-faqs.shtml (last accessed February 24, 2021).

is subject to TTB regulation. Thus, for example, a producer of a kombucha-style beer that reaches an alcohol content of 1.2% alcohol by volume during production must qualify as a brewer and comply with TTB regulations in 27 CFR part 25, even if the finished product is a non-alcoholic beverage (containing less than 0.5% alcohol by volume)."[6]

23. According to the TTB, "[e]ven though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored. As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcoholic beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcoholic beverages." *Id.*

24. The TBB makes clear that a distributor and manufacturer (such as BC Kombucha) cannot escape liability for failing to include the requiring alcohol warning statement even if the beverages become alcoholic after they are sold downstream to retailers and consumers that fail to refrigerate the beverages. "Refrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal because, among other things, you cannot control whether the product will be refrigerated after removal." *Id.*

25. In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume. One of the questions is "Are kombucha containers required to bear a health warning statement?" The TTB answers, "Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear

---

[6] https://www.ttb.gov/kombucha/kombucha-general#labeling (last accessed February 24, 2021).

the health warning statement required by the Alcoholic Beverage Labeling Act of 1988," citing 27 C.F.R. § 16.  *Id.*  In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption."  27 C.F.R. § 16.20 goes on to state that "no person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

26. 27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects.  (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."  The labels of BC Kombucha beverages do not bear this warning.

27. Within the past year, the TTB's website has also stated that certain "beers," including kombucha products, "that [are] made without both malted barley and hops .... must ... comply with FDA labeling requirements.  Such products are still subject to the marking requirements of the IRC and the health warning statement requirements of ABLA."[7]  The FDA clarifies that such alcoholic beverages are subject to the nutrition labeling requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R. 101.3 and 21 C.F.R. 101.4.[8]  Because BC Kombucha is "made without both malted barley and hops," BC Kombucha is also subject to

---

[7] https://web.archive.org/web/20180726103232/https://www.ttb.gov/kombucha/kombucha-general.shtml (last accessed February 24, 2021).
[8] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*, December 2014.  Available at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm166239.htm#ref4 (last accessed April 1, 2019).

the general nutrition labeling requirements set out by the FDA.  Accordingly, the labels of BC Kombucha are subject to the "false and misleading" standard of 21 U.S.C. § 343(a)(1) and the corresponding state law counterparts that track the federal standards.  *See, e.g.*, 1 N.Y.C.R.R. § 259.1 ("For the purpose of the enforcement of article 17 [Packaging and labeling of food] … the commissioner hereby adopts the current regulations as they appear in title 21 of the *Code of Federal Regulations*….").  Because BC Kombucha contains alcohol above 0.5 percent by volume, it is misbranded under the FDA's labeling requirements, and the corresponding state law counterparts that track the federal standards.

28. While Plaintiffs do not know whether BC Kombucha is below 0.5 alcohol by volume at the moment it leaves Defendant's distribution center, what is clear is that the beverages are significantly above the 0.5 threshold at the time of sale and consumption.  Under federal law, Defendant cannot turn a blind eye to what happens to BC Kombucha products after they leave Defendant's facilities, and, considering that continued fermentation and high alcohol content is an industry-wide problem, Plaintiffs allege on information and belief that Defendant knowingly and willfully distribute BC Kombucha in violation of Federal and State laws that require such beverages to contain the government warning, as set out above.

29. Defendant's sale and marketing of BC Kombucha as non-alcoholic beverages is highly misleading to a reasonable consumer, including Plaintiffs.  Because BC Kombucha does not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiffs, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications.

30. Defendant made, and continue to make, unlawful and misleading claims on the labels of BC Kombucha that are prohibited by identical federal and state laws, and which render

these products misbranded. Under federal and state law, BC Kombucha cannot legally be manufactured, distributed, held, or sold.

## CLASS REPRESENTATION ALLEGATIONS

31. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the below-defined Classes:

**National Class**: All persons in the United States who, between June 15, 2017 and the date that class notice is disseminated, purchased BC Kombucha.

**Consumer Fraud Multi-State Class:** All persons in the states of Florida, Illinois, Massachusetts, New Jersey, and New York that purchased BC Kombucha.

**Multi-State Express Warranty Class:** All persons in the states of D.C., Florida, New Jersey, Ohio, and Virginia that purchased BC Kombucha.

32. Plaintiffs reserve the right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

33. Excluded from the Classes are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

34. Also excluded from the Classes are persons or entities that purchased BC Kombucha for purposes of resale.

35. Plaintiffs are members of the Classes they seek to represent.

36. Defendant sells hundreds of thousands, if not millions, of bottles of BC Kombucha. BC Kombucha beverages are available in major supermarkets nationwide. Accordingly, members

of the Classes are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, third party retailers, and vendors.

37.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether BC Kombucha is misbranded, and whether the labeling, marketing and promotion of BC Kombucha is false and misleading.

38.     The claims of the named Plaintiffs are typical of the claims of the Classes in that the named Plaintiffs were exposed to and relied on Defendant's false, misleading and misbranded labels, purchased BC Kombucha, and suffered losses as a result of those purchases.

39.     Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the Class members Plaintiffs seek to represent, Plaintiffs have retained competent counsel experienced in prosecuting class actions, and Plaintiffs intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

40.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential

for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## Violations of State Consumer Fraud Acts

41. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

42. Plaintiffs bring this claim individually and on behalf of the members of the proposed National and Consumer Fraud Multi-State Class against Defendant.

43. The Consumer Fraud Acts of the states in the Consumer Fraud Multi-State Class[9] prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

44. Defendant intended that Plaintiffs and each of the other members of the Consumer Frau Multi-State Class would rely upon their deceptive conduct – including the sale of alcoholic beverages as purported non-alcohol beverages, and a reasonable person would in fact be misled by this deceptive conduct.

45. As a result of the Defendant's use or employment of unfair or deceptive acts or business practices, Plaintiffs and each of the other members of the Consumer Fraud Multi-State Class have sustained damages in an amount to be proven at trial.

---

[9] Florida (Fla. Stat. § 501.201, et seq.); Illinois (815 Ill. Comp. Stat. 505/1, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); and New York (N.Y. Gen. Bus. Law §§ 349, 350, et seq.).

46. In addition, Defendant's conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

## COUNT II
**Breach of Express Warranty**

47. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiffs bring this claim individually and on behalf of the members of the proposed Multi-State Express Warranty Class against Defendant.

49. In connection with the sale of BC Kombucha, Defendant issued an express warranty that BC Kombucha "may contain trace amounts of alcohol."

50. Defendant's affirmation of fact and promise on BC Kombucha's labels that the products "may contain trace amounts of alcohol" became part of the basis of the bargain between Defendant and Plaintiffs and Class members, thereby creating express warranties that the products would conform to Defendant's affirmations of fact, representations, promise, and description.

51. Defendants breached their express warranty because BC Kombucha products contain more than 0.5 percent alcohol by volume.  In short, BC Kombucha does not live up to Defendant's express warranties.

52. Plaintiffs provided Defendant with notice of the breach of express warranties prior to filing the lawsuit.

53. Plaintiffs and the Multi-State Express Warranty Class members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased BC Kombucha if they had known the true facts; (b) they paid for BC Kombucha due to the mislabeling of the products; (c) they would not have purchased BC Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for BC Kombucha due to Defendant's false

15

warranties and affirmations of fact; and (e) BC Kombucha did not have the characteristics or qualities as promised.

## COUNT III
### Negligent Misrepresentation

54. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

55. Plaintiffs bring this claim individually and on behalf of the members of the proposed National Class against Defendant.

56. As discussed above, Defendant misrepresented that BC Kombucha was a non-alcoholic beverage, when, in fact, BC Kombucha is an alcoholic beverage.

57. At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

58. At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about BC Kombucha.

59. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and members of the National Class reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and members of the National Class to purchase BC Kombucha.

60. Plaintiffs and members of the National Class would not have purchased BC Kombucha, or would not have purchased the products on the same terms, if the true facts had been known.

61. The negligent actions of Defendant caused damage to Plaintiffs and members of the National Class, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IV
## Fraud

62.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Plaintiffs bring this claim individually and on behalf of the members of the proposed National and Consumer Fraud Multi-State Class against Defendant.

64.     As discussed above, Defendant provided Plaintiffs and members of the Classes with false or misleading material information and failed to disclose material facts about BC Kombucha, including but not limited to the fact that BC Kombucha was falsely marketed as a non-alcoholic beverage and did not contain the proper alcohol warnings.  These misrepresentations and omissions were made with knowledge of their falsehood.

65.     The misrepresentations and omissions made by Defendant, upon which Plaintiffs and members of the Classes reasonably and justifiably relied, were intended and actually induced Plaintiffs and Class members to purchase BC Kombucha.

66.     The fraudulent actions of Defendant caused damage to Plaintiffs and class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT V
## Unjust Enrichment

67.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiffs bring this claim individually and on behalf of the members of the proposed National Class against Defendant.

69.     Plaintiffs and members of the National Class conferred benefits on Defendant by purchasing BC Kombucha beverages.

70. Defendant has knowledge of such benefits.

71. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and members of the National Class's purchases of BC Kombucha. Retention of those monies under these circumstances is unjust and inequitable because Defendant misleadingly omitted the required government alcohol warning on the labels of BC Kombucha and misrepresented and omitted the true amount of sugar in BC Kombucha. These misrepresentations caused injuries to Plaintiffs and members of the National Class because they would not have purchased BC Kombucha had the true facts been known.

72. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the National Class is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the National Class for their unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a) For an order certifying the National Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the National Class and Plaintiffs' attorneys as Class Counsel to represent the National Class members;

b) For an order certifying the Consumer Fraud Multi-State Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Consumer Fraud Multi-State Class and Plaintiffs' attorneys as Class Counsel to represent the Consumer Fraud Multi-State Class members;

c) For an order certifying the Multi-State Express Warranty Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Multi-State Express Warranty Class and Plaintiffs' attorneys as Class Counsel to represent the Multi-State Express Warranty Class members;

d) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

e) For an order finding in favor of Plaintiffs, the Classes, on all counts asserted herein;

f) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

g) For prejudgment interest on all amounts awarded;

h) For an order of restitution and all other forms of equitable monetary relief;

i) For injunctive relief as pleaded or as the Court may deem proper; and

j) For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues so triable.

Dated:  March 9, 2021                                    Respectfully submitted,

 

**BURSOR & FISHER, P.A.**

By:____*/s/ Stephen Beck*_____
       Stephen A. Beck

Scott A. Bursor (Fla. Bar No. 68362)
Stephen A. Beck (Fla. Bar No. 1010183)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512

Facsimile:  (305) 679-9006
E-Mail: sbursor@bursor.com
sbeck@bursor.com

**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (*pro hac vice* forthcoming)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ykrivoshey@bursor.com

*Attorneys for Plaintiffs*